PEOPLE v BROADNAX

CRIMINAL LAW—APPEAL AND ERROR—NONJURY TRIAL—SCENE OF
    CRIME—VISIT BY JUDGE—PRESENCE OF DEFENDANT.
    The failure of a defendant's attorney to make an objection when
    the trial judge, sitting without a jury, visited the scene of the
    crime accompanied by both counsel but without the defendant
    present, for the purpose of determining the size of a window,
    precludes raising the issue for the first time on appeal.

Appeal from Calhoun, Creighton R. Coleman, J.
Submitted Division 3 November 7, 1974, at Lansing. (Docket No. 18873.) Decided January 9, 1975.

Fred Broadnax was convicted of statutory rape.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stanley Everett,* Prosecuting Attorney, and *Noel G. Peterson,* Chief Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM. Defendant's non-jury trial resulted in his conviction of statutory rape, MCLA 750.520;

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 839.
    * Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MSA 28.788. He was sentenced and he appeals. Of the four issues raised on appeal we discuss one.

Complainant testified that after the rape, she escaped through a bathroom window. There was much conflicting testimony on the size of this window, and its size had a direct bearing on complainant's credibility. If the window was as small as some testimony indicated, complainant could not have escaped through it.

On the last day of the trial, the trial court stated on the record:

"I think I should put on the record that I met the attorneys in this case at 1:30 at the former Broadnax house at 458 Jackson and we went inside and I looked around. The window in question in the bathroom has two panes in it. The panes are between 10 and 12 inches wide and between 16 and 18 inches in height. There are two of them, and hinge from the top, and there is fresh putty on the windows. They do have glass in them now. I guess that's all I need to put on the record. I guess that I can say also that I believe the estimate of five feet off the floor is probably close * * * between five and six feet off the floor, I would say."

Defendant contends this view of the window in his absence was reversible error, citing *Lewis v United States*, 146 US 370; 13 S Ct 136; 36 L Ed 1011 (1892); *People v Hull*, 86 Mich 449; 49 NW 288 (1891), and *People v Auerbach*, 176 Mich 23; 141 NW 869 (1913). *Lewis, supra,* involved secret challenges to the jurors in the absence of defendant and the jurors, as directed by the trial court. *Hull, supra,* does not hold that in defendant's absence view is reversible error. Rather it holds that the jury must be kept under supervision of an officer to avoid anyone communicating with the jury. Neither case is in point, nor is *Auerbach, supra.*

In the present case, it is apparent that the trial court and both counsel met by prearrangement for the sole purpose of determining the size of the window. No testimony was taken. Defendant's presence could not have altered the size of the window. The view was not objected to but it was participated in by defendant's attorney. Defendant is precluded from raising this issue for the first time on appeal, *People v Bryant,* 43 Mich App 659; 204 NW2d 746 (1972).

This holding should not encourage views in the absence of defendant. Such action invites appellate review and can cause reversal of an otherwise valid conviction.

The remaining issues do not merit discussion.

Affirmed.